UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTONIO FERREIRA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-11352-ADB |
| | * | |
| NELSON ALVES, | * | |
| | * | |
| Respondent. | * | |

ORDER

BURROUGHS, D.J.

On August 23, 2022, Antonio Ferreira, a state inmate in custody at MCI Norfolk, filed his self-prepared Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. On September 6, 2022, he paid the $5.00 filing fee. [ECF No. 4]

On October 6, 2022, a service order issued. [ECF No. 6]. The envelope with a copy of the service order that was mailed by the Court to Ferreira was returned to the Court as undeliverable. [ECF No. 11], At that time, the Clerk remailed a copy of the service order to Ferreira.

On October 25, 2022, the Court allowed respondent's motion seeking an extension of time and leave to dispense with conference requirement. [ECF No 16]. On November 3, 2022, after the Court already allowed the motion, Ferreira filed an opposition to respondent's motion for extension of time. [ECF No. 18]. On November 4, 2022, respondent filed a status report explaining that the copies of motions mailed to Ferreira were returned as undeliverable. [ECF No. 19].

Now before the Court is Ferreira's motion for recusal. [ECF No. 20]. Among other things, Ferreira complains that the respondent's motion for extension of time was allowed by the Court without first hearing from Ferreira. Id. Ferreira believes the Court's actions favor the Commonwealth and give the appearance of impropriety. Id. Ferreira moves for recusal pursuant to 28 U.S.C. § 455.[1]  Id.

---

[1] Section 455 provides:

    (a)    Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    (b)    He shall also disqualify himself in the following circumstances:

        (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

        (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

        (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

        (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

        (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
            (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
            (ii) Is acting as a lawyer in the proceeding;
            (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
            (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a), (b).

The impartiality of a judge is unquestionably essential to the judicial process, and recusal is necessary when the impartiality "might reasonably be questioned." In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (citation and internal quotation marks omitted).  However, a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." Id. "Disqualification [under section 455] is not required on the basis of remote, contingent, indirect or speculative interests." United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000).

"The proper test ... is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion ..., but rather in the mind of the reasonable man." United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976); accord In re Boston's Children First, 244 F.3d 164, 167 n.7 (1st Cir. 2001).  In applying that test, the law is clear that "a judge's prior adverse ruling against a party does not create a reasonable doubt about the judge's impartiality so as to require recusal." Kelley, 712 F.2d at 890; see In re Boston's Children First, 244 F.3d at 167 n.7 (noting that this is so "even when the judicial rulings in question are erroneous").  As emphasized by the United States Supreme Court, "[ ]judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [a]lmost invariably, they are proper grounds for appeal, not for recusal ..." Liteky v. United States, 510 U.S. 540, 555 (1994). To be legally sufficient, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Berger v United States, 255 U.S. 22, 31 [(1921)]." Liteky, 510 U.S. at n. 1 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).

Here, the facts set forth by Ferreira do not demonstrate a personal bias or prejudice requiring disqualification. The Court notes that it routinely grants motions for reasonable extensions of time when requested by either side. In support of his contention that allowing such an extension reflected bias and prejudice, petitioner has presented assumptions, and not facts. Because of this, and where the alleged grounds for recusal are primarily based upon his concern that an extension of time was granted before he had a chance to object, the Motion for Recusal [ECF No. 20] is DENIED.

**SO ORDERED.**

December 7, 2022                                        /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE